# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ROJO-MORENO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 3:18-cv-02566-H-NLS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR ENTRY OF DEFAULT WITHOUT PREJUDICE**<br><br>**[Doc. No. 3]; and**<br><br>**(2) SETTING BRIEFING SCHEDULE** |

On November 8, 2018, Petitioner Cesar Rojo-Moreno filed his petition for writ of coram nobis. (Doc. No. 1.) On February 7, 2019, Petitioner filed a motion for entry of default. (Doc. No. 3.) The Court denies Petitioner's motion for entry of default on numerous procedural grounds. First, Federal Rule of Civil Procedure 4(i)(1) provides that to serve the United States, a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "send a copy of each by registered or certified mail to the Attorney General of the United

States at Washington, D.C." Petitioner's proof of service filed along with his motion for entry of default only shows that Petitioner served the U.S. Attorney for the Southern District of California, and does not show that Petitioner served the U.S. Attorney General. (See Doc. No. 3 at 3–4.) Thus, Petitioner's service of process is deficient. Second, Petitioner has failed to obtain a Clerk's entry of default prior to moving for default, as required by Federal Rule of Civil Procedure 55. Third, this case was stayed during the federal lapse in appropriations, pursuant to General Order 688. Accordingly, the Court denies without prejudice Petitioner's motion for default judgment.

The Court therefore issues the following scheduling order on the coram nobis petition:

1. Petitioner must serve the Government in compliance with Federal Rule of Civil Procedure 4 and file his proof of service on or before **March 6, 2019**.

2. Because this petition relates to a criminal matter dating back to 1997, the Court grants the Government additional time in preparing its response. Accordingly, the Government must file its response to the petition on or before **May 1, 2019**. Along with its response, the Government must file a copy of transcripts from plea hearings in Petitioner's criminal case and any other documents relevant to the determination of issues in this petition.

3. Petitioner must file his reply on or before **June 5, 2019**.

4. Pursuant to the Court's discretion under Local Rule 7.1(d)(1), the Court determines that this matter is appropriate for resolution without oral argument and submits the petition on the parties' papers. The Court reserves the right to schedule a hearing at a later time.

**IT IS SO ORDERED.**

DATED: February 20, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT