# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ROJO-MORENO,<br><br>                          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Case No.: 3:18-cv-02566-H-NLS<br><br>**ORDER DENYING PETITIONER'S PETITION FOR WRIT OF CORAM NOBIS** |

On November 8, 2018, Petitioner Cesar Rojo-Moreno, represented by counsel, filed his petition for writ of coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 1.) On May 1, 2019, the Government filed its response to the petition. (Doc. No. 10.) Per the Court's scheduling order, Petitioner's reply was due on or before June 5, 2019, (Doc. No. 6), but Petitioner has not filed any reply. For the following reasons, the Court denies Petitioner's petition for writ of coram nobis.

A writ of error coram nobis permits a criminal defendant to attack a conviction after he has served his sentence and is no longer in custody. Telink, Inc. v. United States, 42 F.3d 42, 45 (9th Cir. 1994). "The writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on

errors of fact' and 'egregious legal errors.'" United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir. 1989) (quoting Yasui v. United States, 772 F.2d 1496, 1499 (9th Cir. 1985)). "Thus, the coram nobis writ allows a court to vacate its judgments 'for errors of fact . . . in those cases where the errors are of the most fundamental character, that is, such as rendered the proceeding itself invalid.'" Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987) (internal alteration omitted) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)). In order to succeed on a writ of error coram nobis, a petitioner must show "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." United States v. McClelland, 941 F.2d 999, 1002 (9th Cir.1991) (quoting Hirabayashi, 828 F.2d at 604). "It is presumed the proceedings were correct and the burden rests on the accused to show otherwise." United States v. Morgan, 346 U.S. 502, 512 (1954).

On April 15, 1997, Petitioner, a citizen of Mexico, entered the United States with 27.66 kilgrams of marijuana. (United States v. Rojo Moreno, 3:97-cr-2002-H-1, Doc. No. 9.) Petitioner was arrested and charged with violating 21 U.S.C. § 952 and § 960. (Id.) Petitioner states that his lawyer at the time advised him to plead guilty and did not inform him of possible immigration consequences of the plea agreement. (Doc. No. 1 at 3.) Petitioner pled guilty and was sentenced on December 22, 1997 to 12 months in prison and 2 years on supervised release. (United States v. Rojo Moreno, 3:97-cr-2002-H-1, Doc. No. 20.) Now, after serving his sentence, Petitioner seeks writ of error coram nobis arguing that his underlying conviction is invalid pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010) because he was not advised of the potential immigration consequences of his guilty plea. (Doc. No. 1.) Petitioner states that as a result of his conviction, he may be precluded from becoming a U.S. citizen and may be deported. (Id. at 1–4.)

///

///

After review of the parties' arguments, the Court concludes that Petitioner is not entitled to writ of coram nobis relief. In Padilla, the Supreme Court held that the Sixth Amendment requires defense counsel to "inform a client whether his plea carries a risk of deportation." 559 U.S. at 356. Subsequently, the Supreme Court has held that Padilla does not apply retroactively to defendants whose convictions became final prior to Padilla. Chaidez v. United States, 568 U.S. 342, 358 (2013); see United States v. Herzer, 676 F. App'x 673 (9th Cir. 2017) (denying coram nobis petition based on Padilla because the petitioner pled guilty and was convicted in 1992). Here, Petitioner pled guilty and his conviction became final in 1997, well before Padilla was decided in 2010. Because the Supreme Court has held that Padilla does not apply retroactively, Petitioner cannot benefit from its holding. See Chaidez, 568 U.S. at 358. Therefore, Petitioner has failed to show that any fundamental error occurred. See Morgan, 346 U.S. at 512. Further, the Court also notes that Petitioner has waited over 20 years to attack his conviction and has failed to provide valid reasons for not attacking the conviction earlier. See id.

Petitioner has failed to show that he is entitled to writ of error coram nobis relief. Accordingly, for the foregoing reasons, the Court denies Petitioner's petition for writ of coram nobis. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

DATED: July 15, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT